GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Kevin F. Ruf (#136901)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
E-mail: kruf@glancylaw.com
         info@glancylaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DOMENICO D'CARPIO, Individually and On Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>SELDAT, INC.,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

#:2

## I. INTRODUCTION

1. Plaintiff Domenico D'Carpio ("Plaintiff") brings this case as a collective action under the Federal Fair Labor Standards Act and as a class action under Rule 23 of the Federal Rules of Civil Procedure. As set forth below, the plaintiff worked as a security guard for Defendant Seldat, Inc. ("Seldat") at their Compton, California facility from July 2017 to June 2018.

2. While working as a security guard for Seldat, Plaintiff was improperly classified as an independent contractor, although the work he performed for Seldat was that of an employee both under the FLSA and the California Labor Code.

3. As a result of this misclassification, Plaintiff was unlawfully deprived of overtime pay; was deprived of meal and rest breaks in violation of Cal. Lab. Code §§ 226.7 and 512; was not given proper wage statements in violation of Cal. Lab. Code §226(a).

4. In addition, Plaintiff intends to assert claims under the Private Attorney General Act of California, when those claims are perfected.

5. Plaintiff brings his FLSA claims on behalf of a proposed collective of similarly situated security guards, classified as security guards and who worked for Seldat nationwide in the last three years who may opt in to this case under the Federal Fair Labor Standards Act ("FLSA"), 4 U.S.C. §§ 201 et seq. Seldat has violated the FLSA by failing to pay these individuals overtime compensation for hours worked in excess of 40 a week.

6. Plaintiff also brings his California state law claims under Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class of similarly situated security guards who have worked for Seldat in California.

7. Seldat has violated the California Labor Code by (1) failing to pay technicians minimum wage for all hours worked, and overtime compensation for hours worked in excess of 40 a week; (2) depriving technicians of meal and rest breaks; (3) taking improper deductions from the technicians' pay; (4) improperly forcing technicians to bear expenses related to their work for Seldat; and (5) failing to provide the security guards with accurate wage statements.

## II. JURISDICTION AND VENUE

8. The jurisdiction of this court is invoked pursuant to 29 U.S.C. §1331 because Plaintiff has brought claims under the Federal Fair Labor Standards Act. The court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is properly in the Central District of California, Western Division in that the defendant maintains a facility in Compton, California where the plaintiff worked.

## III. PARTIES

10. Plaintiff Domenico D'Carpio ("Plaintiff") is an adult resident of Los Angeles, California, residing in Bellflower, California.

11. Seldat, Inc. ("Defendant" or "Seldat") is a self-described "supply chain" company with its headquarters in the state of New Jersey, which maintains work locations and offices in several communities in the state of California including Compton, California.

**IV. CLASS AND COLLECTIVE ALLEGATIONS**

12. Plaintiff brings this action as a collective action under §216(b) of the Federal Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

13. The putative members of the proposed collective action under the FLSA consists of all individuals who in the last three years worked directly for Seldat as security guards and who were classified as independent contractors with respect to their work within the United States ("FLSA Collective").

14. Plaintiff also brings this case as a Rule 23 class action, on behalf of all individuals who worked as independent contractors for Seldat within the state of California ("California Class").

15. The FLSA Collective and California Class are together referred to as the "Classes."

16. Plaintiff reserves the right to redefine and/or subdivide the Classes prior to notice or class certification, and thereafter, as necessary.

17. It is appropriate to treat this action both as a collective action under §216(b) and a class action under Rule 23, because Plaintiff and the Classes were

CLASS ACTION COMPLAINT
3

subject to the common practices and policies of being deprived of overtime, being deprived of meal and rest breaks; and being deprived of accurate wage statements. All security guards performed the same basic category of work, thus making class treatment appropriate in both instances.

18. The claims of the named Plaintiff are representative and similar to the claims of the proposed Classes, the named Plaintiff and his attorneys can adequately protect the interests of the Classes and are not in conflict with any members of the Classes.

19. The claims of the named Plaintiff are typical of the claims of the Classes. Treating this action as a class and collective action would be far preferable to permitting numerous individual actions. Further, since all of the potential members of the Classes were subject to the same overarching violations of law, namely being deprived of overtime and being deprived of accurate wage statements, there are common issues of law that will predominate over individualized issues.

## V. STATEMENT OF FACTS

20. In or about July 2017, Plaintiff was hired by Seldat to work as a security guard at Seldat's facility at 1121 West Artesia Boulevard, Compton, California. Plaintiff was classified by Seldat as an "independent contractor" despite meeting the criteria to be an employee under both federal and California law. Moreover, Seldat engaged and engages other security guards as so-called

"independent contractors" at the Compton, California facility and, according to information and belief, at its other facilities in California and in the U.S. generally.

21. While Plaintiff worked as a security guard, he was expected to perform according to the instructions and expectations established by Seldat. His work was integral to the Seldat operation in which he worked. Seldat exercised substantial control over the manner in which he performed his services and Seldat exercised all necessary control over its operations as a whole, of which the security guards were an integral part.

22. Plaintiff and the Class typically worked for five (5) or more hours each shift and were not provided with legally mandated meal breaks during their shifts under California law.

23. Plaintiff and the Class typically worked longer than four (4) hours and were not provided with legally mandated rest breaks during their shifts under California law.

24. Plaintiff and the Class consistently worked over 8 hours a day and 40 hours a week, in each case without overtime pay.

25. Plaintiff and those members of the Class who no longer work for Seldat were not paid all of their final wages when they separated from Seldat.

26. Plaintiff and the Class were not provided with legally compliant wages statements semi-monthly as required under California law.

## COUNT I

**FEDERAL FAIR LABOR STANDARDS ACT**
**(Plaintiff and FLSA Collective)**

27. The actions of Seldat as set forth above constitute a willful violation of the Federal Fair Labor Standards Act, 29 U.S.C. §§201 et seq, since Seldat knowingly and deliberately improperly classified Plaintiff and other security guards as independent contractors instead of employees, even though these individuals clearly should be defined as employees based on the nature of their work and their relationship to Seldat under the federal "economic realities test." Thus, Seldat failed to pay overtime of at the 1.5 times the regular rate of pay for every hour of work beyond 40 hours per workweek. This claim is brought on behalf of a collective of similarly situated individuals who have worked for Seldat throughout the United States.

## COUNT II

**CALIFORNIA LABOR CODE §§ 510 AND 1194**
**(Plaintiff and California Class)**

28. The actions of Seldat as set forth above violate California Labor Code §§510, 1194 which require an employer to compensate employees at one-and-a-half times the employee's regular rate of pay for all hours worked in excess of eight, up to and including 12 hours in a workday, and for the first 8 hours worked on the seventh consecutive day of work in a workweek, and double the employee's regular rate of pay for all hours worked in excess of 12 in a workday and for all hours

worked in excess of 8 hours worked on the seventh consecutive day of work in a workweek. Seldat failed to pay Plaintiff and other California "independent contractor" technicians overtime at the appropriate rate required by Cal. Lab. Code §510, since it had a policy of not paying the "independent contractor" technicians, who were in fact employees of Seldat, overtime. Pursuant to Cal. Lab. Code §1194, Plaintiff and other California "independent contractor" technicians are entitled to recovery of unpaid overtime compensation, as well as attorneys' fees and costs. This claim is brought on behalf of a class of similarly situated individuals who have worked for Seldat in California.

## COUNT III

### CALIFORNIA LABOR CODE §§ 226.7, 512
### (Plaintiff and California Class)

29. Seldat's conduct, as set forth above, in misclassifying Plaintiff and other California security guards as independent contractors, and failing to provide them with meal and rest breaks during their workdays constitutes a violation of Cal. Lab. Code §§ 226.7 and 512. Seldat was and is required to (but did not) provide a meal period of at least 30 minutes for any shift over 5 hours, to be provided within the first 5 hours; and a second meal period off at least 30 minutes for shifts over 10 hours. Seldat also was and is required to (but did not) provide rest breaks of no less than 10 minutes for every 4 hours worked. This claim is brought on behalf of a class of similarly situated individuals who have worked for Seldat in California.

## COUNT IV

### CALIFORNIA LABOR CODE § 203
### (Plaintiff and California Class)

30. Seldat's failure to pay wages due to Plaintiff and proposed class members as alleged above was willful in that Seldat knew wages were due but failed to pay them. Plaintiff and class members who no longer work for Seldat are entitled to penalties under Cal. Lab. Code § 203, which provides that, if an employer willfully fails to pay an employee all wages due within 72 hours of their termination, the employee's wages shall continue as a penalty until paid for a period of up to 30 days form the time they were due.

## COUNT V

### CALIFORNIA LABOR CODE § 226(a)
### (Plaintiff and California Class)

31. The actions of Seldat as set forth above violate Section 226(a) of the California Labor Code, which provides that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing . . . [the] total hours worked by the employee", "the number of piece-rate units earned", "all deductions" and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code §226(a). This claim is brought on behalf of a class of similarly situated individuals who have worked for Seldat in California.  Seldat has knowingly and intentionally failed to

comply with Cal. Lab. Code § 226 because it has failed to provide to its "independent contractor" technicians wage statements which accurately reflected their piece rate and the number of piece rate units earned, in violation of § 226(a). This claim is brought on behalf of a class of similarly situated individuals who have worked for Seldat in California.

## COUNT VI

### CAL. BUS. & PROF. CODE §17200, et seq.
### (Plaintiff and California Class)

32. Seldat's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). Seldat's conduct constitutes unlawful business acts or practices, in that Seldat has violated California Labor Code Sections 1194, 226.7 and 512. Pursuant to California Business and Professions Code § 17203, Plaintiff and class members seek declaratory and injunctive relief for Seldat's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class members who worked for Seldat in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

**VI.    JURY DEMAND**

33. Plaintiff requests a trial by jury on all of his claims.

**VII.   PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court enter the following relief:

  a. Certify a collective action pursuant to 29 U.S.C. 216(b) and authorize the issuance of notice to similarly-situated individuals who work or worked as security guards for Seldat during the past three years;

  b. Certify a class action pursuant to Federal Rule of Civil Procedure 23 and appoint Plaintiff and his counsel to represent the class;

  c. Declare and find Seldat violated Cal. Lab. Code §§ 1194, 226.7, 512, 203, 226 and Bus. & Prof. Code § 17200, et seq.;

  d. Award compensatory damages, including all unpaid minimum and overtime wages, expenses owed, deductions, and liquidated damages in an amount according to proof;

  e. Award liquidated damages under the FLSA;

  f. Award all interest, costs and attorney's fees incurred prosecuting this claim;

  g. Enter injunctive relief in the form of an order directing Seldat to comply with Cal. Lab. Code; and

  h. Such other relief as in law or equity may pertain.

| | | |
|---|---|---|
| 1 | Dated: January 8, 2019 | GLANCY PRONGAY & MURRAY LLP |
| 2 | | |
| 3 | | By: *s/ Kevin F. Ruf* |
| 4 | | Lionel Z. Glancy |
| | | Kevin F. Ruf |
| 5 | | 1925 Century Park East, Suite 2100 |
| 6 | | Los Angeles, California 90067 |
| | | Telephone: (310) 201-9150 |
| 7 | | Facsimile: (310) 201-9160 |
| 8 | | E-mail: kruf@glancylaw.com |
| | |         info@glancylaw.com |
| 9 | | |
| 10 | | *Attorneys for Plaintiff* |

CLASS ACTION COMPLAINT

11