SABRINA L. SHADI, SBN 205405
ERIC W. WITT, SBN 266289
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email:    sshadi@bakerlaw.com
          ewitt@bakerlaw.com

*Attorneys for Defendant*
SELDAT, INC.

**UNITED STATE DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOMENICO D'CARPIO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>SELDAT, INC.,<br><br>                    Defendants. | Case No.: 2:19-cv-00174-JLS-(RAOx)<br><br>[Hon. Josephine L. Staton, Crtm. 10A]<br><br>**DEFENDANT SELDAT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:    January 8, 2019 |

SELDAT, INC. ("Defendant") hereby answers the unverified Collective and Class Action Complaint ("Complaint") of Domenico D'Carpio ("Plaintiff") as follows:

1.      Answering Paragraph 1 of the Complaint, Plaintiff's assertion that he brings this case as a collective action and class action requires neither an admission nor a denial. Defendant admits that Plaintiff worked as a security guard in Compton, California. Defendant further admits that the facility in Compton, California at which Plaintiff worked as a security guard was leased by Defendant. Defendant expressly denies Plaintiff's allegation that Plaintiff worked for Defendant. Defendant denies any other allegations in Paragraph 1.

2.      Answering Paragraph 2 of the Complaint, Defendant admits only that Plaintiff worked as a security guard. Defendant expressly denies any allegation that

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Plaintiff worked for Defendant.  Defendant denies all other allegations in Paragraph

2  2.

3      3.      Answering Paragraph 3 of the Complaint, Defendant denies the

4  allegations therein.

5      4.      Answering Paragraph 4 of the Complaint, Plaintiff's assertion that he

6  intends to bring claims under the Private Attorney General Act requires neither an

7  admission nor a denial.

8      5.      Answering Paragraph 5 of the Complaint, Plaintiff's assertion that he

9  brings his FLSA claims on behalf of a "proposed collective of similarly situated

10  security guards" requires neither an admission nor a denial.  Defendant denies all

11  other allegations in Paragraph 5.

12      6.      Answering Paragraph 6 of the Complaint, Plaintiff's assertion that he

13  brings his California state law claims on behalf of a "proposed class of similarly

14  situated security guards" requires neither an admission nor a denial.  Defendant

15  denies all other allegations of Paragraph 6.

16      7.      Answering Paragraph 7 of the Complaint, Defendant denies the

17  allegations therein.

18      8.      Answering Paragraph 8 of the Complaint, Defendant does not contest

19  the propriety of this Court exercising jurisdiction over the subject matter of this

20  case.

21      9.      Answering Paragraph 9 of the Complaint, Defendant does not contest

22  venue in this Court.  Defendant admits that it "maintains a facility in Compton,

23  California" for the reason that Defendant leases a facility in Compton, California.

24  Defendant denies any allegation, express or implied, that Defendant employed

25  Plaintiff.

26      10.     Answering Paragraph 10 of the Complaint, Defendant lacks sufficient

27  information to admit or deny the allegations herein.

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11.     Answering Paragraph 11 of the Complaint, Defendant admits the allegations therein.

12.     Answering Paragraph 12 of the Complaint, Plaintiff's assertion that he purports to bring this case as a collective action and class action requires neither an admission nor a denial.

13.     Answering Paragraph 13 of the Complaint, Plaintiff's assertion as to the criteria for inclusion with the proposed class requires neither an admission nor a denial.  Defendant denies any allegation that there are certain individuals who meet the criteria for inclusion within Plaintiff's proposed class.

14.     Answering Paragraph 14 of the Complaint, Plaintiff's assertion that he purports to bring this case as a class action requires neither an admission nor a denial.  Defendant denies any allegation that there are certain individuals who meet the criteria for inclusion within Plaintiff's proposed class.

15.     Answering Paragraph 15 of the Complaint, this allegation requires neither an admission nor a denial.

16.     Answering Paragraph 16 of the Complaint, this allegation requires neither an admission nor a denial.

17.     Answering Paragraph 17 of the Complaint, Defendant denies the allegations therein.

18.     Answering Paragraph 18 of the Complaint, Defendant denies the allegation that the "claims of the named Plaintiff are representative and similar to the claims of the proposed Classes."  Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 18.

19.     Answering Paragraph 19 of the Complaint, Defendant denies the allegations set forth in Paragraph 19.

20.     Answering Paragraph 20 of the Complaint, Defendant, on information and belief, admits that in or about July of 2017, Plaintiff was retained to work as a security guard in Compton, California.  Defendant expressly denies the allegation

3

1  that Plaintiff was hired by Defendant.  Defendant denies all other allegations set
2  forth in Paragraph 20.

3      21.    Answering Paragraph 21 of the Complaint, Defendant denies the
4  allegations set forth in Paragraph 21.

5      22.    Answering Paragraph 22 of the Complaint, Defendant expressly denies
6  any allegation, express or implied, that Defendant employed or engaged Plaintiff or
7  members of the putative class.  Defendant is without sufficient information to admit
8  or to deny Plaintiff's allegation as to the amount of time worked each shift or as to
9  the provision of meal breaks.  Defendant denies any allegation that Defendant owed
10 a legal duty to Plaintiff or members of the putative class.  Defendant denies all
11 other allegations set forth in Paragraph 22.

12     23.    Answering Paragraph 23 of the Complaint, Defendant expressly denies
13 any allegation, express or implied, that Defendant employed or engaged Plaintiff or
14 members of the putative class.  Defendant is without sufficient information to admit
15 or to deny Plaintiff's allegation as to the amount of time worked each shift or as to
16 the provision of rest breaks.  Defendant denies any allegation that Defendant owed
17 a legal duty to Plaintiff or members of the putative class.  Defendant denies all
18 other allegations set forth in Paragraph 23.

19     24.    Answering Paragraph 24 of the Complaint, Defendant expressly denies
20 any allegation, express or implied, that Defendant employed or engaged Plaintiff or
21 members of the putative class.  Defendant is without sufficient information to admit
22 Plaintiff's allegations to the amount of time worked in day or a week.  Defendant
23 denies any allegation that Defendant owed a legal duty to Plaintiff or members of
24 the putative class.  Defendant denies all other allegations set forth in Paragraph 24.

25     25.    Answering Paragraph 25 of the Complaint, Defendant expressly denies
26 any allegation, express or implied, that Defendant employed or engaged Plaintiff or
27 members of the putative class.  Defendant denies any allegation that Defendant

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    owed a legal duty to Plaintiff or members of the putative class. Defendant denies

2    all other allegations set forth in Paragraph 25.

3        26.    Answering Paragraph 26 of the Complaint, Defendant expressly denies

4    any allegation, express or implied, that Defendant employed or engaged Plaintiff or

5    members of the putative class. Defendant denies any allegation that Defendant

6    owed a legal duty to Plaintiff or members of the putative class. Defendant denies

7    all other allegations set forth in Paragraph 26.

8        27.    Answering Paragraph 27 of the Complaint, Plaintiff's assertion that his

9    claim is brought on behalf of a "collective of similarly situated individuals"

10    requires neither an admission nor a denial. Defendant denies any allegation that

11    Defendant owed a legal duty to Plaintiff or members of the putative class.

12    Defendant denies all other allegations in Paragraph 27.

13        28.    Answering Paragraph 28 of the Complaint, Defendant admits that

14    California Labor Code §§ 510 and 1194 impose the obligations specified.

15    Defendant expressly denies any allegation, express or implied, that Defendant

16    employed or engaged Plaintiff. Defendant denies any allegation that Defendant

17    owed a legal duty to Plaintiff or members of the putative class. Defendant denies

18    all other allegations in Paragraph 28.

19        29.    Answering Paragraph 29 of the Complaint, Defendant expressly denies

20    any allegation, express or implied, that Defendant employed or engaged Plaintiff.

21    Defendant denies any allegation that Defendant owed a legal duty to Plaintiff or

22    members of the putative class. Defendant denies all other allegations in Paragraph

23    29.

24        30.    Answering Paragraph 30 of the Complaint, Defendant admits that

25    California Labor Code § 203 provides for penalties in the event an employer

26    willfully fails to pay an employee final wages in the period of time required.

27    Defendant expressly denies any allegation, express or implied, that Defendant

28    employed or engaged Plaintiff. Defendant denies any allegation that Defendant

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    owed a legal duty to Plaintiff or members of the putative class.  Defendant denies

2    all other allegations in Paragraph 30.

3        31.    Answering Paragraph 31 of the Complaint, Defendant admits that

4    California Labor Code §226(a) requires an employer to provide its employee with

5    itemized wage statements containing the information stated therein.  Defendant

6    expressly denies any allegation, express or implied, that Defendant employed or

7    engaged Plaintiff.  Defendant denies any allegation that Defendant owed a legal

8    duty to Plaintiff or members of the putative class.  Defendant denies all other

9    allegations in Paragraph 31.

10        32.    Answering Paragraph 32 of the Complaint, Plaintiff's assertion that he

11    seeks declaratory and injunctive relief requires neither an admission nor a denial.

12    Defendant expressly denies any allegation, express or implied, that Defendant

13    employed or engaged Plaintiff.  Defendant denies all other allegations in Paragraph

14    32.

15        33.    Answering Paragraph 33 of the Complaint, Plaintiff's request for a

16    jury trial requires no responsive pleading.

17                    **PLAINTIFF'S PRAYER FOR RELIEF**

18        The remainder of the Complaint constitutes Plaintiff's Prayer for Relief,

19    which requires no direct response.  To the extent that a response is required,

20    Defendant denies that Plaintiff is entitled to recover any of the relief stated in

21    Plaintiff's Prayer for Relief.

22        **<u>ANY ALLEGATIONS NOT EXPRESSLY ADMITTED ARE DENIED</u>**

23        Any allegations that have not been specifically admitted are hereby denied.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# AFFIRMATIVE DEFENSES

Defendant asserts and alleges each of the following affirmative defenses set forth below.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    The purported causes of action in the Complaint fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Not a Proper Class Action or Collective Action)

2.    Any recovery on the class allegations of the Complaint is barred because Plaintiff has failed to identify a proper and ascertainable class. Additionally, Plaintiff is not an adequate representative of any putative class of plaintiffs; his claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; and/or a class action is neither manageable nor superior.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.    The purported causes of action alleged in the Complaint are barred, in whole or in part, by the applicable limitations periods provided by law, including, but not limited to those set forth in California Code of Civil Procedure §§ 338, 339 and/or 340, California Business and Professions Code § 17208, and in 29 U.S.C. § 255.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.    The purported causes of action alleged in the Complaint are barred, in whole or in part, by the equitable doctrine of laches inasmuch as Plaintiff has inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendant.

### FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

5.     Because Plaintiff was neither employed by nor in a contractual relationship with Defendant, Defendant owed Plaintiff no legal duty, Plaintiff suffered no damages as a result of the alleged actions by Defendant, and Plaintiff lacks standing to pursue these claims individually or as representative of a class.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel as to All Causes of Action)

6.     Plaintiff, by his own actions, has waived, in whole or in part, each purported cause of action alleged in the Complaint and is now estopped from bringing such causes of action.

### SEVENTH AFFIRMATIVE DEFENSE

### (Waiver of Meal Periods and Rest Periods)

7.     Assuming that Plaintiff or members of the putative class were employed by Defendant (which Defendant denies), the meal and rest period claims in the Complaint are barred, in whole or in part, to the extent that Plaintiff or the putative class waived their entitlement to meal and rest periods, or voluntarily chose to skip or to take short meal periods and rest periods or took late meal periods.

### EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

8.     The claims of Plaintiff or the putative class members fail in whole or in part under the *de minimis* doctrine because any alleged violation of law or damages is based on matters that are inconsequential or incalculable.  In addition, the damages (if any) associated with such claims are too speculative to be permitted.

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

9.    The purported fourth Count in the Complaint brought pursuant to California Labor Code § 203 is barred, in whole or in part, because at all relevant times in this matter Defendant (took the extent there even was an employment relationship or contractual relationship, which Defendant denies) had a good-faith belief as the legality of its conduct within the meaning of Labor Code § 203.

## TENTH AFFIRMATIVE DEFENSE

### (Absence of Knowledge of Alleged Work)

10.    In the event that it is determined that Defendant employed Plaintiff (which Defendant denies), Plaintiff's claims are barred as to all time allegedly worked of which defendant lacked constructive or actual knowledge.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

11.    In the event that it is determined that Defendant employed Plaintiff (which Defendant denies), and that Defendant failed to pay Plaintiff wages owed (which Defendant denies), any violation was not willful, knowing, or in reckless disregard of the provisions of law, and Plaintiff is not entitled to recover penalties, additional damages, liquidated damages, or an extended limitations period that could result from a willful violation.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Recovery of Liquidated Damages)

12.    In the event that it is determined that Defendant employed Plaintiff (which Defendant denies), and that Defendant failed to pay Plaintiff wages owed (which Defendant denies), Plaintiff and others alleged to be similarly situated may not recover liquidated damages because: (1) Defendant and all of its officers, managers, or agents acted in good faith and did not commit any willful violations of any provisions of the FLSA, 29 U.S.C. § 201, *et seq*., and (2) Defendant and all of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  its officers, managers, or agents did not authorize or ratify any willful violations
2  with respect to Plaintiff and those alleged to be similarly situated.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Reservation of Future Defenses)**

13.    Defendant reserves the right to amend this pleading to include further affirmative defenses.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

(a)    For an Order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Defendant;

(b)    For an Order denying class certification;

(c)    For all reasonable costs and attorneys' fees incurred by Defendant in connection with the defense of this matter as available under the law; and

(d)    For such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:  February 7, 2019              **BAKER & HOSTETLER LLP**

By:    */s/ Eric W. Witt*
       SABRINA L. SHADI
       ERIC W. WITT

*Attorneys for Defendant*
Seldat, Inc.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10

## PROOF OF SERVICE

I, S. Suzuki, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On February 7, 2019, I served a copy of the within document(s): **DEFENDANT SELDAT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

Lionel Z. Glancy
Kevin F. Ruf
GLANCY PRONGAY & MURRAY, LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

*Emails: kruf@glancylaw.com ;
info@glancylaw.com*

*Attorneys for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on February 7, 2019, at Los Angeles, California.

_____
S. Suzuki

4840-9384-7942.1

DEFENDANT SELDAT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. 2:19-cv-00174-JLS-(RAOx)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES