**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy (#134180)
Kevin F. Ruf (#136901)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: kruf@glancylaw.com
         info@glancylaw.com

*Attorneys for Plaintiff*

SABRINA L. SHADI, SBN 205405
ERIC W. WITT, SBN 266289
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859
Email:       sshadi@bakerlaw.com
             ewitt@bakerlaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DOMENICO D'CARPIO, Individually and On Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SELDAT, INC.,<br><br>Defendants. | Case No. 2:19-cv-00174-JLS-RAO<br><br>**JOINT RULE 26(f) REPORT** |

1  The Parties have met and conferred and submit this document to the Court as
2  their Joint Rule 26(f) Report.

3       **a.**    **Statement of the case:**

4 **Plaintiff has filed this case as a Collective and Class Action hybrid under
5 the FLSA and California law relating to the alleged misclassification of
6 defendant's security guards as independent contractors.**

7       **b.**    **Legal issues:** a brief description of the key legal issues,
8 including any unusual substantive, procedural, or evidentiary issues.

9 **Plaintiff: Primary issues are: 1. Whether Plaintiff and security guards
10 who comprise the proposed class and collective properly were classified as
11 independent contractors rather than employees and 2. The damages that have
12 resulted if they have been misclassified; 3. Whether the classes under FLSA
13 and Rule 23 should be certified.**

14       **c.**    **Damages:** the realistic range of provable damages.

15 **Plaintiff has misclassification damages relating to overtime under federal
16 law as well as missed meal and rest breaks and waiting penalties under state
17 law. At this time, the range of potential damages is not known.**

18       **d.**    **Insurance:** whether there is insurance coverage, the extent of
19 coverage, and whether there is a reservation of rights.

20 **Defendant: none.**

21       **e.**    **Motions:** statement of the likelihood of motions seeking to add
22 other parties or claims (*see* Local Rule 261(e)), file amended pleadings, to dismiss
23 for lack of jurisdiction, or to transfer venue.

24 **Plaintiff has been informed by defense counsel that the entity sued is not
25 the proper entity. When plaintiff has sufficient information to identify the
26 proper defendant, he will file an amended complaint. Plaintiff and Defendant**

27
28

1 **may file motions for summary judgment or partial summary judgment as to**
2 **the classification of security guards who comprise the proposed class.**

3       f.    **Complexity:** a discussion regarding the complexity of the case,
4 and whether all or part of the procedures of the Manual for Complex Litigation
5 should be utilized. *See* Local Rule 261(a).

6     **The case has been filed as a class action under Rule 23 and a collective**
7 **action under the FLSA. That said, the issues (centering on the alleged**
8 **misclassification of security guards as independent contractors) are not**
9 **complex. Neither party sees a current need to utilize the Manual for Complex**
10 **Litigation at this time.**

11       g.    **Status of Discovery:** a report regarding the current status of
12 discovery, including whether initial disclosures have been made and a summary of
13 any completed discovery.

14     **None to date.**

15       h.    **Discovery Plan:**

16     (A)    what changes should be made in the timing, form, or requirement
17 for disclosures under Rule 26(a), including a statement of when initial
18 disclosures were made or will be made;

19     **No changes; the disclosures shall be made by April 1, 2019.**

20     (B)    the subjects on which discovery may be needed, when discovery
21 should be completed, and whether discovery should be conducted in phases or
22 be limited to or focused on particular issues;

23     **Plaintiff will require a class list forthwith. Subjects for discovery include**
24 **the nature of the work and the relationship of defendant to the security guards**
25 **under the federal "economic realities test" and the California ABC test. Given**
26 **the lengthy process of giving notice both under the FLSA and Rule 23 (which**

27
28

1 **will result in the identification of the classes), plaintiff suggests a discovery cut-**
2 **off of December 2019.**

3 **Defendant may take discovery into this same issue, the alleged damages**
4 **suffered by Plaintiff and class members, and the propriety of Plaintiff serving**
5 **as a class representative. Defendant suggests a discovery cut-off date in or**
6 **about March of 2020.**

7 (C) any issues about disclosure, discovery, or preservation of
8 electronically stored information, including the form or forms in which it
9 should be produced;

10 **Neither party is aware of any issues under this rubric.**

11 (D) any issues about claims of privilege or of protection as trial-
12 preparation materials, including—if the parties agree on a procedure to assert
13 these claims after production—whether to ask the court to include their
14 agreement in an order under Federal Rule of Evidence 502;

15 **Neither party is aware of any issues under this rubric.**

16 (E) what changes should be made in the limitations on discovery
17 imposed under these rules or by local rule, and what other limitations should
18 be imposed; and

19 **The Parties suggest none.**

20 (F) any other orders that the court should issue under Rule 26(c) or
21 under Rule 16(b) and (c)

22 i. **Expert Discovery:** The parties shall discuss the timing of expert
23 disclosures and discovery. *See* Fed. R. Civ. P. 26(a)(2); Local Rule 261(f).

24 **The parties agree that expert discovery should be conducted per**
25 **code.**

26
27
28

  **j.** **Dispositive motions:** The parties shall set forth a description of the issues or claims that any party believes may be determined by motion for summary judgment or partial summary judgment. *See* Local Rule 261(b).

  Plaintiff believes a motion for summary judgment regarding misclassification under both federal and state law will likely be appropriate. Under federal law, the "economic realities test" will apply. Defendant expects to move or cross move for summary judgment or partial summary judgment on the same issue and to establish that security guards engaged by Defendant who comprise the proposed class or collective were not employees of Defendant.

  **k.** **Alternative Dispute Resolution ("ADR") Procedure Selection:** The parties must select *either* ADR Procedure No. 2 (Court Mediation Panel) *or* ADR Procedure No. 3 (private mediation); ADR Procedure No. 1 (conference with the magistrate judge) *may not* be selected by the parties. *See generally* General Order 1110, § 5.1; Local Rule 261(c). For more information about the Court's ADR Program, please visit the "ADR" section of the Court website, http://www.cacd.uscourts.gov.

  **The Parties prefer private mediation.**

  *l.* **Settlement Efforts:** Without disclosing the substance of the communications, the parties shall advise the Court regarding whether they have discussed settlement or had written communications regarding settlement. The parties are advised that no case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a mediation.

  **No settlement discussions yet.**

  **m.** **Preliminary Trial Estimate:** The parties must provide a realistic estimate of the time required for trial. *See* Local Rule 261(d). The parties' estimate is for planning purposes only; the Court may allot fewer days for trial. The

parties shall specify whether trial will be by jury or to the Court, and each side must specify the number of witnesses it expects to call.

**The Parties expect that trial will last four days.**

  **n.** **Trial counsel:** the name(s) of the attorney(s) who will try the case.

**Plaintiff: Kevin Ruf**

**Defendant: Sabrina Shadi, Eric Witt**

  **o.** **Independent Expert or Master:** the parties must advise the Court whether this is a case in which a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert should be appointed. The appointment of a master may be appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, or resolution of a difficult computation of damages.

  **p.** **Other issues:** a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, nonEnglish speaking witnesses, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

**None known to the Parties.**

**Class Action Scheduling Issues**

The parties are directed to the portion of Judge Staton's Procedures web page (http://www.cacd.uscourts.gov/honorablejosephinelstaton) regarding class action scheduling issues. As explained in further detail on the web page, the parties are directed to discuss class action scheduling issues in their Joint Rule 26(f) Report.

**Plaintiff requests a class list as soon as practicable. Plaintiff expects to file a conditional certification motion after an early round of discovery and a**

**Rule 23 class certification motion after determining the membership of the conditional class.**

Dated: March 21, 2019                                  GLANCY PRONGAY & MURRAY LLP

                                                By: *s/ Kevin F. Ruf*
Lionel Z. Glancy
Kevin F. Ruf
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: kruf@glancylaw.com
        info@glancylaw.com

*Attorneys for Plaintiff*

BAKER & HOSTETLER LLP


By: *s/ Eric W. Witt*
Sabrina L. Shadi
Eric W. Witt
11601 Wilshire Blvd., Suite 1400
Los Angeles, California 90025-0509
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
E-mail: sshadi@bakerlaw.com
        ewitt@bakerlaw.com

*Attorneys for Defendant*

# EXHIBIT A
# PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:
CASE NO:

| Matter | Deadline | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | July 5, 2019 | July 5, 2019 |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretial Conference ("FPTC") | April 13, 2020 | April 13, 2020 |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | April 27, 2020 | April 27, 2020 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 16 weeks before the FPTC | April 27, 2020 | April 27, 2020 |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | May 25, 2020 | May 25, 2020 |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | June 15, 2020 | June 15, 2020 |
| Expert Discovery CutOff | 8 weeks before the FPTC | June 22, 2020 | June 22, 2020 |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | June 29, 2020 | June 29, 2020 |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | July 20, 2020 | July 20, 2020 |

| | | | |
|---|---|---|---|
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | | August 21, 2020 | August 21, 2020 |

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On March 21, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 21, 2019, at Los Angeles, California.

*s/ Kevin F. Ruf*
Kevin F. Ruf