1 | GLANCY PRONGAY & MURRAY LLP
  | Lionel Z. Glancy (#134180)
2 | Kevin F. Ruf (#136901)
3 | 1925 Century Park East, Suite 2100
  | Los Angeles, California 90067
4 | Telephone: (310) 201-9150
5 | Facsimile:  (310) 201-9160
  | E-mail: kruf@glancylaw.com
6 |          info@glancylaw.com
7
  | *Attorneys for Plaintiff*
8

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| DOMENICO D'CARPIO, Individually and On Behalf of all Others Similarly Situated, | Case No. 2:19-cv-00174-JLS-RAO |
|---|---|
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |
| v. | |
| SELDAT, INC., | Date:   July 5, 2019 |
| Defendants. | Time:   10:30 a.m. |
| | Crtm.   10A – 10th Floor |
| | Judge:  Hon. Josephine L. Staton |

## I. INTRODUCTION

Plaintiff brings this motion for leave to file their First Amended Complaint against Defendant to add an additional defendant: Seldat Distribution, Inc. The proposed FAC is attached to the Declaration of Kevin F. Ruf, filed concurrently herewith. Even though plaintiff – who worked as a purported "contract" security guard at a facility leased by Seldat, Inc. (Seldat) -- received his compensation in the form of checks from "SELDAT – 3PL" – with an address in Burlington, New Jersey that appears to be the headquarters of defendant Seldat, Seldat in its discovery responses of May 28, 2019 contends that Seldat Distribution, Inc. was the hirer of Plaintiff and the putative class. While plaintiff does not believe he has sufficient basis to dismiss Seldat, Inc., he believes he has sufficient basis to add Seldat Distribution, Inc. as a defendant now.

## II. DEFENDANT DOES NOT OPPOSE TO THIS AMENDMENT

Plaintiff's counsel has met and conferred with Defendant's counsel, Eric Witt, who has indicated Defendant does not oppose this amendment.

## III. PROCEDURAL HISTORY

This case is still in its initial stages. The Complaint was filed on January 8, 2019. The Complaint contains causes of action under both California and federal law relating to misclassification of security guards as independent contractors.

Although defendant Seldat, Inc. appears to "lease" the premises on which Plaintiff worked as a security guard in Compton, California, in its interrogatory

responses of May 28, 2019, Seldat, Inc. insists that "Seldat Distribution, Inc." was the actual hirer of Plaintiff and the putative class. Thus, Plaintiff seeks to amend the complaint to add Seldat Distribution, Inc. as a defendant. But because Plaintiff's checks came from "Seldat" at what appears to be the address of Seldat, Inc. (the original Defendant), Plaintiff does not believe it would be appropriate to dismiss Seldat at this time.

## IV.  COMPLIANCE WITH THIS COURT'S STANDING ORDER AND LOCAL RULE 15-1

Pursuant to Local Rule 15-1, the proposed First Amended Complaint is attached hereto as Exhibit A. Pursuant to this Court's Standing Order, a "redlined" version of the proposed First Amended Complaint (FAC) is attached as Exhibit B.

Furthermore, this Court requires that this motion: 1) state the effect of the amendment and 2) identify the page and lines number(s) and wording of the proposed changes. The effect of the amendment is to add as a defendant Seldat Distribution, Inc., which appears to be closely related to the current defendant Seldat, Inc. (which will remain a defendant). Some typographical errors in the original complaint are also corrected in the FAC. The page and line numbers in which the additional defendant is referenced are too numerous to set forth here but are shown in the "redline" version attached as Exhibit B.

## V. ARGUMENT

### A. Public Policy Favors Granting Leave to Amend Pleadings

Under Federal Rule of Civil Procedure 15(a), when a party seeks to amend a pleading, "leave shall be freely given when justice so requires." Leave to amend is freely given unless the opposing party makes a showing of undue prejudice, bad faith or dilatory motive. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits").

The policy regarding amended complaints is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Unless the opposing party can show that the amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay, the request for amendment should be granted. *See Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1148, 1160 (9th Cir. 1989); *Martinez v. Newport Beach*, 125 F.3d 777, 785 (9th Cir. 1997); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The burden of proof to deny the amendment falls on the party opposing the amendment. *See DCD Programs*, 833 F.3d at 187. Moreover, the request for leave to amend is viewed in light of the fact that the Federal Rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." *Foman*, 371 U.S. at 182.

The courts commonly consider the following four factors in deciding whether to grant a motion for leave to amend a complaint: (1) bad faith or dilatory motive on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment. *See Roth v. Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Absent prejudice or any of the other above factors "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. Moreover, to justify denial of leave to amend, the prejudice must be substantial. *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990).

The amendment is not being made in bad faith; verified new facts recently learned via discovery provide a good faith basis for Plaintiff to amend his complaint to add Seldat Distribution, Inc.

**VI.    CONCLUSION**

Based upon the foregoing, Plaintiffs' motion for leave to file their First Amended Complaint should be granted.

Dated: June 4, 2019

GLANCY PRONGAY & MURRAY LLP

By: *s/ Kevin F. Ruf*
Lionel Z. Glancy
Kevin F. Ruf
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: kruf@glancylaw.com
       info@glancylaw.com

*Attorneys for Plaintiff*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On June 4, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 4, 2019, at Los Angeles, California.

*s/ Kevin F. Ruf*
Kevin F. Ruf