GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Kevin F. Ruf (#136901)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
E-mail: kruf@glancylaw.com
       info@glancylaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| DOMENICO D'CARPIO, Individually and On Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SELDAT, INC., and SELDAT DISTRIBUTION, INC.,<br><br>Defendants. | Case No.: 2:19-cv-00174-JLS-RAO<br><br>**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. Plaintiff Domenico D'Carpio ("Plaintiff") brings this case as a collective action under the Federal Fair Labor Standards Act ("FLSA") and as a class action under Rule 23 of the Federal Rules of Civil Procedure. As set forth below, Plaintiff worked as a security guard for Defendant Seldat, Inc. and/or Defendant Seldat Distribution, Inc. ("Seldat and/or Seldat Distribution", collectively "Defendants") at their Compton, California facility from July 2017 to June 2018.

2. While working as a security guard for Seldat and/or Seldat Distribution, Plaintiff was improperly classified as an independent contractor, although the work he performed for Seldat and/or Seldat Distribution was that of an employee both under the FLSA and the California Labor Code.

3. As a result of this misclassification, Plaintiff was unlawfully deprived of overtime pay; was deprived of meal and rest breaks in violation of Cal. Lab. Code §§ 226.7 and 512; was not given proper wage statements in violation of Cal. Lab. Code §226(a).

4. Plaintiff brings his FLSA claims on behalf of a proposed collective of similarly situated security guards, classified as independent contractors and who worked for Seldat and/or Seldat Distribution nationwide in the last three years who may opt in to this case under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. Seldat and/or Seldat Distribution has violated the FLSA by failing to

pay these individuals overtime compensation for hours worked in excess of 40 a week.

5. Plaintiff also brings his California state law claims under Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class of similarly situated security guards who have worked for Seldat and/or Seldat Distribution in California.

6. Seldat and/or Seldat Distribution has violated the California Labor Code by (1) failing to pay security guards minimum wage for all hours worked, and overtime compensation for hours worked in excess of 40 a week; (2) depriving security guards of meal and rest breaks; (3) taking improper deductions from the security guards' pay; (4) improperly forcing security guards to bear expenses related to their work for Seldat and/or Seldat Distribution; and (5) failing to provide the security guards with accurate wage statements.

**II.　JURISDICTION AND VENUE**

7. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 because Plaintiff has brought claims under the Federal Fair Labor Standards Act. The court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is properly in the Central District of California, Western Division in that the Defendants maintain a facility in Compton, California where the Plaintiff worked.


## III. PARTIES

9. Plaintiff Domenico D'Carpio ("Plaintiff") is an adult resident of Los Angeles County, California, residing in Bellflower, California.

10. Seldat is a self-described "supply chain" company with its headquarters in the state of New Jersey, which maintains work locations and offices in several communities in the state of California including Compton, California.

11. Plaintiff is informed and believes that Seldat Distribution, Inc. is a subsidiary of Seldat with its headquarters in the state of New Jersey, which maintains work locations in California and New Jersey among other states.

## IV. CLASS AND COLLECTIVE ALLEGATIONS

12. Plaintiff brings this action as a collective action under §216(b) of the Federal Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

13. The putative members of the proposed collective action under the FLSA consists of all individuals who in the last three years worked directly for Seldat and/or Seldat Distribution as security guards and who were classified as independent contractors with respect to their work within the United States ("FLSA Collective").

14. Plaintiff also brings this case as a Rule 23 class action, on behalf of all individuals who worked as independent contractors for Seldat and/or Seldat Distribution within the state of California ("California Class").

15. The FLSA Collective and California Class are together referred to as the "Classes."

16. Plaintiff reserves the right to redefine and/or subdivide the Classes prior to notice or class certification, and thereafter, as necessary.

17. It is appropriate to treat this action both as a collective action under §216(b) of the FLSA and a class action under Rule 23, because Plaintiff and the Classes were subject to the common practices and policies of being deprived of overtime, being deprived of meal and rest breaks; and being deprived of accurate wage statements. All security guards performed the same basic category of work, thus making class treatment appropriate in both instances.

18. The claims of the named Plaintiff are representative and similar to the claims of the proposed Classes, the named Plaintiff and his attorneys can adequately protect the interests of the Classes and are not in conflict with any members of the Classes.

19. The claims of the named Plaintiff are typical of the claims of the Classes. Treating this action as a class and collective action would be far preferable to permitting numerous individual actions. Further, since all of the potential members of the Classes were subject to the same overarching violations of law, namely being deprived of overtime and being deprived of accurate wage statements, there are common issues of law that will predominate over individualized issues.

## V. STATEMENT OF FACTS

20. In or about July 2017, Plaintiff was hired by Seldat and/or Seldat Distribution to work as a security guard at Seldat and/or Seldat Distribution's facility at 1121 West Artesia Boulevard, Compton, California. Plaintiff was classified by Seldat and/or Seldat Distribution as an "independent contractor" despite meeting the criteria to be an employee under both federal and California law. Moreover, Seldat and/or Seldat Distribution engage other security guards as so-called "independent contractors" at the Compton, California facility and, according to information and belief, at their other facilities in California and in the U.S. generally.

21. While Plaintiff worked as a security guard, he was expected to perform according to the instructions and expectations established by Seldat and/or Seldat Distribution. His work was integral to Seldat and/or Seldat Distribution's operations in which he worked. Seldat and/or Seldat Distribution exercised substantial control over the manner in which he performed his services and Seldat and/or Seldat Distribution exercised all necessary control over its operations as a whole, of which the security guards were an integral part.

22. Plaintiff and the California Class typically worked for five (5) or more hours each shift and were not provided with legally mandated meal breaks during their shifts under California law.

23. Plaintiff and the California Class typically worked longer than four (4) hours and were not provided with legally mandated rest breaks during their shifts under California law.

24. Plaintiff and the Classes consistently worked over 8 hours a day and 40 hours a week, in each case without overtime pay.

25. Plaintiff and those members of the California Class who no longer work for Seldat and/or Seldat Distribution were not paid all of their final wages when they ended their employment.

26. Plaintiff and the California Class were not provided with legally compliant wages statements semi-monthly as required under California law.

## COUNT I

### FEDERAL FAIR LABOR STANDARDS ACT
### (Plaintiff and FLSA Collective)

27. The actions of Seldat and/or Seldat Distribution as set forth above constitute a willful violation of the Federal Fair Labor Standards Act, 29 U.S.C. §§201 et seq, since Seldat and/or Seldat Distribution knowingly and deliberately and improperly classified Plaintiff and other security guards as independent contractors instead of employees, even though these individuals clearly should be defined as employees based on the nature of their work and their relationship to Seldat and/or Seldat Distribution under the federal "economic realities test." Thus, Seldat and/or Seldat Distribution failed to pay overtime of at the 1.5 times the regular rate of pay

for every hour of work beyond 40 hours per workweek. This claim is brought on behalf of a collective of similarly situated individuals who have worked for Seldat and/or Seldat Distribution throughout the United States.

## COUNT II

### CALIFORNIA LABOR CODE §§ 510 AND 1194
### (Plaintiff and California Class)

28. The actions of Seldat and/or Seldat Distribution as set forth above violate California Labor Code §§510, 1194 which require an employer to compensate employees at one-and-a-half times the employee's regular rate of pay for all hours worked in excess of eight, up to and including 12 hours in a workday, and for the first 8 hours worked on the seventh consecutive day of work in a workweek, and double the employee's regular rate of pay for all hours worked in excess of 12 in a workday and for all hours worked in excess of 8 hours worked on the seventh consecutive day of work in a workweek. Seldat and/or Seldat Distribution failed to pay Plaintiff and other California "independent contractor" security guards overtime at the appropriate rate required by Cal. Lab. Code §510, since it had a policy of not paying the "independent contractor" security guards, who were in fact employees of Seldat and/or Seldat Distribution, overtime. Pursuant to Cal. Lab. Code §1194, Plaintiff and other California "independent contractor" security guards are entitled to recovery of unpaid overtime compensation, as well as attorneys' fees and costs. This claim is brought on behalf of a class of similarly

situated individuals who have worked for Seldat and/or Seldat Distribution in California.

## COUNT III

**CALIFORNIA LABOR CODE §§ 226.7, 512**
**(Plaintiff and California Class)**

29. Seldat and/or Seldat Distribution's conduct, as set forth above, in misclassifying Plaintiff and other California security guards as independent contractors, and failing to provide them with meal and rest breaks during their workdays constitutes a violation of Cal. Lab. Code §§ 226.7 and 512. Seldat and/or Seldat Distribution was and is required to (but did not) provide a meal period of at least 30 minutes for any shift over 5 hours, to be provided within the first 5 hours; and a second meal period off at least 30 minutes for shifts over 10 hours. Seldat and/or Seldat Distribution also was and is required to (but did not) provide rest breaks of no less than 10 minutes for every 4 hours worked. This claim is brought on behalf of a class of similarly situated individuals who have worked for Seldat and/or Seldat Distribution in California.

## COUNT IV

**CALIFORNIA LABOR CODE § 203**
**(Plaintiff and California Class)**

30. Seldat and/or Seldat Distribution's failure to pay wages due to Plaintiff and proposed class members as alleged above was willful in that Seldat and/or Seldat Distribution knew wages were due but failed to pay them. Plaintiff and class

members who no longer work for Seldat and/or Seldat Distribution are entitled to penalties under Cal. Lab. Code § 203, which provides that, if an employer willfully fails to pay an employee all wages due within 72 hours of their resignation or immediately if they did not resign (were terminated or the job ended according to a pre-established schedule), the employee's wages shall continue as a penalty until paid for a period of up to 30 days form the time they were due.

## COUNT V

### CALIFORNIA LABOR CODE § 226(a)
### (Plaintiff and California Class)

31.  The actions of Seldat and/or Seldat Distribution as set forth above violate Section 226(a) of the California Labor Code, which provides that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing . . . [the] total hours worked by the employee", "the number of piece-rate units earned", "all deductions" and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code §226(a).  This claim is brought on behalf of a class of similarly situated individuals who have worked for Seldat and/or Seldat Distribution in California.  Seldat and/or Seldat Distribution has knowingly and intentionally failed to comply with Cal. Lab. Code § 226 because it has failed to provide to its "independent contractor" security guards wage statements which accurately

478608.1                FIRST AMENDED CLASS ACTION COMPLAINT
9

reflected their piece rate and the number of piece rate units earned, in violation of § 226(a). This claim is brought on behalf of a class of similarly situated individuals who have worked for Seldat and/or Seldat Distribution in California.

## COUNT VI

### CAL. BUS. & PROF. CODE §17200, et seq.
### (Plaintiff and California Class)

32. Seldat and/or Seldat Distribution's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). Seldat and/or Seldat Distribution's conduct constitutes unlawful business acts or practices, in that Seldat and/or Seldat Distribution has violated California Labor Code Sections 1194, 226.7 and 512. Pursuant to California Business and Professions Code § 17203, Plaintiff and class members seek declaratory and injunctive relief for Seldat and/or Seldat Distribution's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class members who worked for Seldat and/or Seldat Distribution in California are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

**VI. JURY DEMAND**

33. Plaintiff requests a trial by jury on all of his claims.

**VII. PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court enter the following relief:

a. Certify a collective action pursuant to 29 U.S.C. § 216(b) and authorize the issuance of notice to similarly-situated individuals who work or worked as security guards for Seldat and/or Seldat Distribution during the past three years;

b. Certify a class action pursuant to Federal Rule of Civil Procedure 23 and appoint Plaintiff and his counsel to represent the class;

c. Declare and find Seldat and/or Seldat Distribution violated Cal. Lab. Code §§ 1194, 226.7, 512, 203, 226 and Bus. & Prof. Code § 17200, et seq.;

d. Award compensatory damages, including all unpaid minimum and overtime wages, expenses owed, deductions, and liquidated damages in an amount according to proof;

e. Award liquidated damages under the FLSA;

f. Award all interest, costs and attorney's fees incurred prosecuting this claim;

g. Enter injunctive relief in the form of an order directing Seldat and/or Seldat Distribution to comply with Cal. Lab. Code; and

h. Such other relief as in law or equity may pertain.

| | | |
|---|---|---|
| 1 | Dated: July 2, 2019 | GLANCY PRONGAY & MURRAY LLP |
| 2 | | |
| 3 | | By: *s/ Kevin F. Ruf* |
| 4 | | Lionel Z. Glancy<br>Kevin F. Ruf |
| 5 | | 1925 Century Park East, Suite 2100<br>Los Angeles, California 90067 |
| 6 | | Telephone: (310) 201-9150 |
| 7 | | Facsimile: (310) 201-9160<br>E-mail: kruf@glancylaw.com |
| 8 | | info@glancylaw.com |
| 9 | | *Attorneys for Plaintiff* |

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On July 2, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 2, 2019, at Los Angeles, California.

*s/ Kevin F. Ruf*
Kevin F. Ruf