SIMON ARON (State Bar No. 108183)
   saron@wrslawyers.com
MATTHEW S. OSTER (State Bar No. 190541)
   moster@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:  (310) 478-4100
Facsimile:  (310) 479-1422

ROGER A. RAIMOND (*pro hac vice*, NY State Bar No. 2479095)
   rar@robinsonbrog.com
MICHAEL A. EISENBERG (*pro hac vice*, NY State Bar No. 4546784)
   mae@robinsonbrog.com
ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK, P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
Telephone:  (212) 603-6300
Facsimile:  (212) 956-2164

Attorneys for Defendants SELDAT, INC.
and SELDAT DISTRIBUTION, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| DOMENICO D'CARPIO, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SELDAT, INC., and SELDAT DISTRIBUTION, INC.<br><br>Defendants. | Case No. 2:19-cv-00174-JLS-RAO<br><br>**DEFENDANT SELDAT, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>Honorable Josephine L. Staton |

Defendant SELDAT, INC. ("Defendant"), hereby answers the unverified First Amended Collective and Class Action Complaint ("Amended Complaint") as follows:

1. Answering Paragraph 1 of the Amended Complaint, Plaintiff's assertion that he brings this case as a collective action and class action requires

neither an admission nor denial.  Defendant admits that Plaintiff worked as a security guard in Compton, California.  Defendant further admits that the facility in Compton, California at which Plaintiff worked as a security guard was leased by Defendant, but expressly denies that Plaintiff worked for Defendant.  Defendant denies any other allegations in Paragraph 1.

2. Defendant admits that Plaintiff worked as a security guard and denies the remaining allegations of Paragraph 2.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Amended Complaint, Plaintiff's assertion that he brings his FLSA claims on behalf of a proposed collective of similarly situated security guards, requires neither an admission nor denial. Defendant denies the remaining allegations of paragraph 4.

5. Answering Paragraph 5 of the Amended Complaint, Plaintiff' assertion that he brings his California state law claims under Rule 23 of the Federal Rules of Civil Procedure requires neither an admission nor denial.  Defendant denies the remaining allegations of paragraph 5.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Answering Paragraph 7 of the Amended Complaint, Defendant does not contest the propriety of this Court exercising jurisdiction over the subject matter of this action.

8. Answering Paragraph 8 of the Amended Complaint, Defendant does not contest venue in this Court.

9. Answering Paragraph 9 of the Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations herein.

10. Answering Paragraph 10 of the Amended Complaint, Defendant admits the allegations therein.

1  11. Answering Paragraph 11 of the Amended Complaint, Defendant denies that Seldat Distribution, Inc. is a subsidiary of Seldat, Inc. Defendant admits that Seldat Distribution, Inc. maintains its headquarters in the state of New Jersey, and is authorized to do business in California and New Jersey among other states. Defendant denies the remaining allegations of paragraph 11.

12. Answering Paragraph 12 of the Amended Complaint, Plaintiff's assertion that he purports to bring this case as a collective and class action requires neither and admission or a denial.

13. Answering Paragraph 13 of the Amended Complaint, Plaintiff's assertion as to the criteria for inclusion within the proposed class requires neither an admission nor a denial. Defendant denies any allegation that there are certain individuals who meet the criteria for inclusion within Plaintiff's proposed class.

14. Answering Paragraph 14 of the Amended Complaint, Plaintiff's assertion that he purports to bring this case as a class action requires neither an admission nor a denial. Defendant denies any allegation that there are certain individuals who meet the criteria for inclusion within Plaintiff's proposed class.

15. Answering Paragraph 15 of the Amended Complaint, this allegation requires neither an admission nor denial.

16. Answering Paragraph 16 of the Amended Complaint, this allegation requires neither an admission nor denial.

17. Answering Paragraph 17 of the Amended Complaint, Defendant denies the allegations therein.

18. Answering Paragraph 18 of the Amended Complaint, Defendant denies the allegation that the "claims of the named Plaintiff are representative and similar to the claims of the proposed Classes. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 18.

19. Answering Paragraph 19 of the Amended Complaint, Defendant denies the allegations therein.

20. Answering Paragraph 20 of the Amended Complaint, Defendant, on information and belief, admits that in or about July of 2017, Plaintiff was retained to work as a security guard in Compton, California. Defendant expressly denies the allegation that Plaintiff was hired by Defendant. Defendant denies the remaining allegations set forth in Paragraph 20.

21. Answering Paragraph 21 of the Amended Complaint, Defendant denies the allegations set forth in Paragraph 21.

22. Answering Paragraph 22 of the Amended Complaint, Defendant denies that Defendant employed or engaged Plaintiff or members of the putative class. Defendant is without sufficient information to admit or deny Plaintiff's allegation as to the amount of time worked each shift or as to the provision of meal breaks. Defendant denies any allegation that Defendant owed a legal duty to Plaintiff or members of the putative class. Defendant denies the remaining allegations of Paragraph 22.

23. Answering Paragraph 23 of the Amended Complaint, Defendant denies that Defendant employed or engaged Plaintiff or members of the putative class. Defendant is without sufficient information to admit or deny Plaintiff's allegation as to the amount of time worked each shift or as to the provision of rest breaks. Defendant denies any allegation that Defendant owed a legal duty to Plaintiff or members of the putative class. Defendant denies the remaining allegations of Paragraph 23.

24. Answering Paragraph 24 of the Amended Complaint, Defendant denies that Defendant employed or engaged Plaintiff or members of the putative class. Defendant is without sufficient information to admit or deny Plaintiff's allegation as to the amount of time worked in a day or a week. Defendant denies any allegation that Defendant owed a legal duty to Plaintiff or members of the putative class. Defendant denies the remaining allegations of Paragraph 24.

25. Answering Paragraph 25 of the Amended Complaint, Defendant denies

that Defendant employed or engaged Plaintiff or members of the putative class. Defendant denies any allegation that Defendant owed a legal duty to Plaintiff or members of the putative class. Defendant denies the remaining allegations of Paragraph 25.

26. Answering Paragraph 26 of the Amended Complaint, Defendant denies that Defendant employed or engaged Plaintiff or members of the putative class. Defendant denies any allegation that Defendant owed a legal duty to Plaintiff or members of the putative class. Defendant denies the remaining allegations of Paragraph 26.

27. Answering Paragraph 27 of the Amended Complaint, Plaintiff's assertion that this claim is "brought on behalf of a collective of similarly situated individuals" requires neither an admission nor denial. Defendant denies the remaining allegations of paragraph 27.

28. Answering Paragraph 28 of the Amended Complaint, Plaintiff's assertion that this claim is "brought on behalf of a class of similarly situated individuals" requires neither an admission nor denial. Defendant admits that California Labor Code §§ 510 and 1194 impose the obligations specified. Defendant denies the remaining allegations of paragraph 28.

29. Answering Paragraph 29 of the Amended Complaint, Plaintiff's assertion that this claim is "brought on behalf of a class of similarly situated individuals" requires neither an admission nor denial. Defendant denies the remaining allegations of paragraph 29.

30. Answering Paragraph 30 of the Amended Complaint, Defendant admits that California Labor Code § 203 provides for penalties in the event an employer willfully fails to pay an employee final wages in the period of time required. Defendant denies the remaining allegations in paragraph 30.

31. Answering Paragraph 31 of the Amended Complaint, Plaintiff's assertion that this claim is "brought on behalf of a class of similarly situated

individuals" requires neither an admission nor denial.  Defendant admits that California Labor Code § 226(a) requires an employer to provide its employee with itemized wage statements containing the information stated therein. Defendant denies the remaining allegations of paragraph 31.

32.  Answering Paragraph 32 of the Amended Complaint, Plaintiff's assertion he seeks declaratory and injunctive relief requires neither an admission nor denial.  Defendant denies the remaining allegations of paragraph 32.

33.  Answering Paragraph 33 of the Amended Complaint, Plaintiff's assertion that he requests a trial by jury requires neither an admission nor denial.

## PLAINTIFF'S PRAYER FOR RELIEF

The remainder of the Amended Complaint constitutes Plaintiff's Prayer for Relief, which requires no direct response.  To the extent a response is required. Defendant denies that Plaintiff is entitled to recover any of the relief stated in Plaintiff's Prayer for Relief.

## ANY ALLEGATIONS NOT EXPRESSLY ADMITTED ARE DENIED

Any allegations that have not been specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

Defendant asserts and alleges each of the following affirmative defenses set forth below.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any recovery on the class allegations of the Amended Complaint is barred because Plaintiff has failed to identify a proper and ascertainable class. Additionally, Plaintiff is not an adequate representative of any putative class of plaintiffs; his claims are not typical; common questions of law or fact affecting the individual members of the putative class do not predominate; and/or a class action is neither manageable nor superior.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

The purported causes of action alleged in the Amended Complaint are barred, in whole or in part, by the applicable limitations periods provided by law, including, but not limited to those set forth in California Code of Civil Procedure §§ 338, 339 and/or 340, California Business and Professions Code § 17208, and in 29 U.S.C. § 255.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

The purported causes of action alleged in the Amended Complaint are barred, in whole or in part, by the equitable doctrine of laches, inasmuch as Plaintiff has inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Because Plaintiff was neither employed by nor in a contractual relationship with Defendant, Defendant owed Plaintiff no legal duty, Plaintiff suffered no damages as a result of the alleged acts or omissions of Defendant, and Plaintiff lacks standing to pursue these claims individually or as representative of a class.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff, by his own actions, has waived, in whole or in part, each purported cause of action alleged in the Complaint and is now estopped from bringing such causes of action.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Assuming that Plaintiff or members of the putative class were employed by Defendant (which Defendant denies), the meal and rest period claims in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff or the putative class waived their entitlement to meal and rest periods, or voluntarily chose to skip or to take short meal periods and rest periods or took late meal periods.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff or the putative class members fail in whole or in part

under the *de minimis* doctrine because any alleged violation of law or damages is based on matters that are inconsequential or incalculable. In addition the damages (if any) associated with such claims are too speculative to be permitted.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The purported fourth Count in the Amended Complaint brought pursuant to California Labor Code § 203 is barred in whole or in part because at all relevant times in this matter Defendant (to the extent there even was an employment relationship or contractual relationship, which Defendant denies) had a good-faith belief as to the legality of its conduct within the meaning of Labor Code § 203.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

In the event that it is determined that Defendant employed Plaintiff (which defendant denies), Plaintiff's claims are barred as to all time allegedly worked of which Defendant lacked constructive or actual knowledge.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

In the event that it is determined that Defendant employed Plaintiff (which Defendant denies), and that Defendant failed to pay Plaintiff wages owed (which Defendant denies), any violation was not willful, knowing, or in reckless disregard of the provisions of law, and Plaintiff is not entitled to recover penalties, additional damages, liquidated damages, or an extended limitations period that could result from a willful violation.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

In the event that it is determined that Defendant employed Plaintiff (which Defendant denies), and that Defendant failed to pay Plaintiff wages owed (which Defendant denies), Plaintiff and others alleged to be similarly situated may not recover liquidated damages because: (1) Defendant and all of its officers, managers, or agents acted in good faith and did not commit any willful violations of any provisions of the FLSA, 29 U.S.C. § 201, et seq., and (2) Defendant and all of its officers, managers, or agents did not authorize or ratify any willful violations with

respect to Plaintiff and those alleged to be similarly situated.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this pleading to include further affirmative defenses.

DATED: August 30, 2019          ROBINSON BROG LEINWAND GREENE
                                GENOVESE & GLUCK P.C.


                                By:      /s/ Michael A. Eisenberg
                                    ROGER A. RAIMOND
                                    MICHAEL A. EISENBERG
                                    Attorneys for Defendants Seldat, Inc. and Seldat Distribution, Inc.


DATED: August 30, 2019          WOLF, RIFKIN, SHAPIRO,
                                SCHULMAN & RABKIN, LLP


                                By:      /s/ Simon Aron
                                    SIMON ARON
                                    Attorneys for Defendants Seldat, Inc. and Seldat Distribution, Inc.